MARSHALL, P. J.
I dissent. Subdivision (f) of section 12031 of the Penal Code permits defendant to “have” a loaded firearm on his premises. Subdivision (h) thereof permits him to “carry” such weapon if he reasonably believes that his person or property is in immediate danger and the carrying of the weapon is necessary for the preservation of such person or property.
The defendant, a 49-year-old man suffering from severe rheumatoid arthritis, owned and managed an apartment complex. The “victim,” a discharged employee who received a salary and occupied an apartment in exchange for gardening and clean-up work, came on the premises together with two friends to pick up the victim’s personal effects. A dispute arose over money due the victim and the latter threatened to knock defendant’s teeth down his throat if defendant did not immediately pay him the amount he demanded. Defendant went to his apartment and called the sheriff. While waiting for the sheriff, defendant observed the three men near his car. “Fearing they might be tampering with the automobile, appellant went outside again.” He took a 22-caliber loaded pistol with him. The men came toward him, the defendant testified, and he fired to the side into a pile of dirt. (The victims denied this and testified they had already passed defendant, intending to leave and that defendant fired toward them and demanded that they wait for the sheriff.)
Subdivision (h) of section 12031 of the Penal Code, authorizes a person to carry a loaded firearm if he reasonably believes that his person or his property is in immediate danger. It is a reasonable belief that the three men grouped about defendant’s car, one of whom had threatened *Supp. 9 to knock defendant’s teeth down his throat, intended to damage his car. In view of the threat and the striking disparity in physical capacity to do harm between defendant and the three young men, the carrying of a weapon can very reasonably be thought to be necessaiy when he sallied forth not only to preserve his property on his own premises but also his own person, all well within the provisions of subdivision (h). The defendant did not use the weapon for aggressive purposes. Even though the men approached him and he feared for his own safety, let alone that of his car, he fired not at them but to one side, according to his testimony. Although the victims testified that he fired at them, they admitted that his purpose was only to detain them until the sheriff arrived. It is ironic that the person who sought to defend himself and his property should be arrested. It is the height of irony that, to accept the sheriff’s view of the law, the defendant can only possess a weapon but cannot use it under such circumstances, and that he may only carry a weapon while immured behind the doors of his home but cannot use it an inch past his threshold.
I see little if any evidence to support any version of the incident except as related by the defendant and certainly not sufficient evidence to support this unjust judgment.
I would reverse the judgment and direct the municipal court to dismiss the complaint.